FILED BY AD D.C.

05 JUN 30 PM 6: 19

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RONNIE NELSON,

    Plaintiff,

vs.                                             No. 05-2274-Ml/V

GEORGE LITTLE, et al.,

    Defendants.

---

ORDER CORRECTING THE DOCKET
ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL AS MOOT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Ronnie Nelson, RNI number 105182,[1] an inmate at the Shelby County Detention Center ("SCDC")[2] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on April 8, 2005. The Plaintiff also submitted two in forma pauperis affidavits, which are not reflected on the docket. The Clerk is ORDERED to correct the docket to reflect each of the documents filed by the Plaintiff.

---

[1] The Tennessee Department of Correction has assigned the Plaintiff prisoner number 128868.

[2] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 7-1-05



Plaintiff also filed a motion seeking appointment of counsel on May 6, 2005. The Clerk shall record the Defendants as Shelby County;[3] Correctional Medical Services, Inc. ("CMS"), which is identified in the Complaint as "Contract Medical Services"; Swanson Services Corporation; SCDC Director George Little; Medical Director Gary Soileau; Mr. Britton, who is identified as a mental health doctor; Pat Hopper, who is identified as Director of Mental Health; Anita Taylor, who is identified as Director of Commissary and Inmate Accounting; and Evercom and AT&T, the telephone contractors at the SCDC.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[4] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted both an in forma pauperis affidavit and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the Plaintiff cooperate fully with prison officials in carrying

---

[3] The Court construes the allegations concerning the SCDC as an attempt to assert a claim against Shelby County.

[4] Effective March 7, 2005, the civil filing fee increased to $250 from $150.

2

out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

3

since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCDC to ensure that the custodian of the Plaintiff's inmate trust fund account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

4

II.   <u>Analysis of Plaintiff's Claims</u>

The Complaint alleges a number of disparate claims concerning the Plaintiff's experiences at the SCDC. First, he alleges that CMS engaged in price fixing for medical care and that Swanson engaged in price gouging for, and the charging of sales taxes on, commissary items. Second, isolation cells have mold and mildew from inadequate ventilation, the foam mattresses could harbor infectious agents, and officers do not respond to the call button. Third, items sent out for laundering are sometimes lost without compensation. Fourth, a certified paralegal is not employed in the library. Fifth, the condition is unsafe, inmates allegedly refuse to eat half the food that is served, the same menu items are offered over and over, inmates never get real milk or cheese, and beverages are served from garbage containers. Sixth, the grievance system is inadequate. There is no grievance committee and grievances are not answered. Seventh, officers and counselors threaten inmates with writeups. Inmates are verbally assaulted on a daily basis. Eighth, there is not a proper disciplinary committee "to sort out the right results in disciplinary response's [sic] on one's case" and "some of the punishment is unjust for the infraction." Ninth, there is no roving library of books, there are no jobs for medium security inmates, and there are limits on how many inmates can attend church services. Tenth, Swanson charges excessive prices on commissary items as well as sales taxes.

Eleventh, "medical is taking our money at an alarming rate and they have fix[ed] percedures [sic] so you will have to pay extra for anything such as asprin [sic] and antacid, you must see a doctor for any and everything, which up's the cost." Twelfth, inmates are not given proper cleaning supplies such as bleach to kill germs. Thirteenth, the cost of telephone service is too high. Fourteenth, on several occasions Defendant Britton lied to the Plaintiff about his mental state in order to justify his decision to discontinue the medication he is taking and substitute something cheaper. According to Plaintiff, CMS is trying to cut corners in the treatment of his depression. Because he is not receiving the correct medication, Plaintiff is allegedly having problems and getting into trouble.

The Plaintiff seeks monetary compensation.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through

6

grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 995-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson,

7

No. 03-2331, 2005 WL 1120283, at *3-*6 (6th Cir. Apr. 27, 2005) (to be published in the Federal Reporter).

In this case, the Plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies with respect to each of his claims. The Complaint alleges only that he "filed grievance and wrote letters to the director" but received "no answer." The Complaint does not allege that the Plaintiff filed grievances concerning each and every one of the numerous claims asserted in the Complaint, and it also does not allege that the grievances named the appropriate individual Defendants, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504. These deficiencies are not excused by the allegation that the SCDC lacks an adequate grievance procedure. Although the Sixth Circuit has held that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance," Boyd, 380 F.3d at 996, Plaintiff's general allegations do not satisfy his burden of demonstrating, through specific averments, that he exhausted each of the claims set forth in the Complaint, id. at 997, 999-1000.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through

8

'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489.[5] Accordingly, the Court DISMISSES the Complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a). Having dismissed the Complaint, the Court DENIES the motion for appointment of counsel as moot.

III. Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure

---

[5] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

9

to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[6] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 30 day of June, 2005.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[6] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

28 U.S.C. § 1917.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02274 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

---

Ronnie Nelson
SHELBY COUNTY DETENTION CENTER
105182
1045 Mullins Station Road
Memphis, TN 38134

Honorable Jon McCalla
US DISTRICT COURT